A93A0198. POWELL v. HARSCO CORPORATION.
(433 SE2d 608)

SMITH, Judge.

George E. Powell was drowned when the fiberglass grate catwalk upon which he was standing collapsed and he was thrown into a vat of chemicals at a paper mill operated by his employer, Ponderosa Georgia Corporation. His widow, Rose E. Powell, brought this wrong-

ful death and survival action against appellee Harsco Corporation. It is a form of products liability litigation. After discovery, Harsco moved for summary judgment, urging among other things, that it had no duty of care, that it had complied with any applicable duty of care, and also the absence of legal causation. The motion was granted by the trial court, which certified its order as final within the meaning of OCGA § 9-11-54 (b). This direct appeal followed.

1. Harsco contends it cannot be liable, since it was not the manufacturer. "An action in products liability may proceed on one or a combination of theories of negligence, strict liability, or breach of warranty. [Cits.]" *Ogletree v. Navistar Intl. Transp. Corp.*, 194 Ga. App. 41, 44 (1) (390 SE2d 61) (1989). As amended, the complaint proceeds against Harsco as an "ostensible manufacturer" solely on the theory of negligent failure to warn and does not allege strict liability pursuant to OCGA § 51-1-11 (b). See OCGA § 51-1-11.1 (b) (product "seller" is not subject to the strict liability of a manufacturer).

In November 1986, Ponderosa Georgia purchased the fiberglass grating at issue from Chatham Steel Corporation. Chatham Steel had purchased this grating from Borden Metal Products, Inc., which was then owned by Harsco. The grating was in fact manufactured by Polytrusions, Inc. Pursuant to a licensing agreement with Polytrusions, Inc., Borden Metal Products, Inc. had marketed and distributed the grating as the product of a related corporation, Easco. After the expiration of that licensing agreement between Borden and Polytrusions, Harsco manufactured the fiberglass grating under the trade name IKG Borden.

"The party opposing a motion for summary judgment must be given the benefit of all [favorable] inferences that may be drawn from the evidence. [Cit.] . . . 'One who puts out as his own product a chattel manufactured by another is subject to the same liability *as though* he were its manufacturer.' [Cits.]" (Emphasis supplied.) *Pepper v. Selig Chemical Indus.*, 161 Ga. App. 548, 550 (2) (288 SE2d 693) (1982). Since both the manufacturer and the distributor could be characterized as its agents, Harsco is, contrary to its assertions below, subject to liability as though it were the manufacturer. See *Pepper v. Selig Chemical Indus.*, supra at 549-550 (2).

2. The amended complaint alleged that the grating was dangerous because it had been sold with inadequate safety warnings and installation instructions. The safety warning alleged to have been omitted is that the grating would be dangerously unstable if not properly anchored, while the installation instructions allegedly were inadequate because they did not convey this risk.

The common-law duty imposed upon suppliers of chattels includes the duty to warn of foreseeable dangers arising from the reasonable use for which the product is intended and requires the exer-

cise of reasonable care to inform third persons of the dangerous condition or of the facts which make the product likely to become dangerous. *J. C. Lewis Motor Co. v. Williams*, 85 Ga. App. 538, 541-542 (69 SE2d 816) (1952). The undisputed evidence shows that, at the time of Mr. Powell's fall, the catwalk was composed of sections of fiberglass grating which had been clipped or attached to each other but that none of these sections had been attached to the load-bearing frame. Consequently, the entire catwalk simply rested on the framework. In support of its motion for summary judgment, Harsco showed that Borden sales literature, including proper installation instructions, were in the possession of Ponderosa Georgia prior to shipment. These installation instructions contained a diagram showing that the grating should be *bolted* to a load-bearing frame, and recommending specific types of hold-down clamps or clips. At deposition, the Ponderosa Georgia employee who installed the fiberglass catwalk testified that he had neither received nor followed any installation instructions, written or oral, regarding the need to bolt the entire catwalk to a frame or girding. He also stated that he had previously installed and repaired *metal* gratings by welding them to the frame.

We do not decide whether, as a matter of law, the installation diagram is sufficient to convey to all who examine it the danger of *not* bolting an elevated catwalk to some load-bearing surface, because the failure of the installer to follow or even to read the installation instructions from the sales literature renders all remaining factual issues immaterial.

"Whether proceeding under a strict liability or a negligence theory, 'proximate cause' is a necessary element of appellant's case. [Cits.]" *Talley v. City Tank Corp.*, 158 Ga. App. 130, 134 (3) (279 SE2d 264) (1981). The alleged inadequacy of the installation instructions cannot be the proximate cause of the collapse of the catwalk and Mr. Powell's death when the installer did not read the installation directions that Harsco's subsidiary actually provided. *Cobb Heating &c. Co. v. Hertron Chemical Co.*, 139 Ga. App. 803, 804 (229 SE2d 681) (1976). See also *McClesky v. Olin Mathieson Chemical Corp.*, 127 Ga. App. 178, 179-180 (3) (193 SE2d 16) (1972). "It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act [or omission] of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. [Cits.] While the question of proximate cause is usually submitted to the jury as a question of fact, it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's [alleged omissions] were not the proximate cause of the injury. [Cits.]" *Union*

*Carbide Corp. v. Holton*, 136 Ga. App. 726, 729 (1) (222 SE2d 105) (1975).

The trial court correctly granted Harsco's motion for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 15, 1993 —
RECONSIDERATION DENIED JULY 8, 1993 — 

*Clark & Smith, Craig T. Jones*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Todd M. Yates, Carter & Ansley, A. Terry Sorrells*, for appellee.