A95A1265. WILSON FOODS CORPORATION v. TURNER et al.
(460 SE2d 532)

BIRDSONG, Presiding Judge.

Appellant/defendant Wilson Foods Corporation appeals the final judgment entered on behalf of appellees/plaintiffs Cynthia Byrd Turner, individually and as next friend of Christopher Alexander Turner, a minor. This suit for damages arises from a claim of products liability based on negligent design, manufacture and sale. The claim is grounded on two contentions: negligent design of a composite container for shortening causing it to be misidentified by a consumer as a metal container, and negligent design of the composite container by failing to locate on its plastic lid a warning not to pour hot oil into the container.

In 1986 Charles Turner purchased Bake-Rite shortening from a local store. He used the shortening to prepare some food and then poured the remaining hot shortening back into its container; at the time, he was unaware that the can was not metal. The container was made of a composite material. Mr. Turner was carrying the shortening container to the trash when it is claimed to have dissolved, splashing hot grease upon his two-year-old son; the child was seriously burned and permanently scarred. The jury returned a verdict in favor of appellees/plaintiffs. *Held*:

1. Appellant contends the trial court erred in denying its motion for directed verdict because Charles Turner's negligence was the proximate cause of the injury to his son. The standard for directed verdict is as follows: " 'Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed.' " The appellate review standard of a trial court's denial of a directed verdict motion is the any evidence standard. *Mattox v. MARTA*, 200 Ga. App. 697, 698 (1) (409 SE2d 267). In considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. *Southern*

*Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268 (1) (416 SE2d 274).

In a products liability case, whether a duty to warn exists depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. *Exxon Corp. v. Jones*, 209 Ga. App. 373, 375 (433 SE2d 350). When such suits are grounded on either a strict liability or negligence theory, proximate cause is a necessary element of the plaintiff's case. *Powell v. Harsco Corp.*, 209 Ga. App. 348, 350 (2) (433 SE2d 608). Generally, questions of negligence and proximate cause are peculiarly questions for the jury. *Taylor v. McClendon*, 205 Ga. App. 390 (422 SE2d 440); see *Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629). "It is also a jury question whether or not the manufacturer was negligent in failing to place a warning in such *position,* color and size print or to use symbols which would call the user's attention to the warning or cause the user to be more likely to read the label and warning than not." (Emphasis supplied.) Eldridge's Georgia Products Liability, Theories of Negligence, § 2-24, p. 49. Where a duty to warn arises, as it does in this case, "[t]his duty may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks." *Thornton v. E. I. Du Pont &c. Co.*, 22 F3d 284, 289 (12, 13) (11th Cir.). While failure to read instructions or printed warnings will prevent a plaintiff from recovering on a claim grounded on failure to provide adequate warning of the product's potential risk (see generally *Powell,* supra at 350 and cases cited therein), "[f]ailure to read a warning does not bar recovery when the plaintiff is challenging the adequacy of the efforts of the manufacturer or seller to communicate the dangers of the product to the buyer or user." *Thornton,* supra at 290 (18-19), and cases cited therein; compare *Rowson v. Kawasaki Heavy Indus.*, 866 FSupp. 1221, 1238-1239 (11-14) (N.D. Iowa); see generally Maleski, Georgia Products Liability (2d ed.) § 10-1. Failure to communicate an adequate warning involves such questions, as are here at issue, as to location and presentation of the warning. *Rowson,* supra. It has been held that "where plaintiff alleges that a warning is inadequate because it was not effectively communicated — a presentation and location of warnings case — the plaintiff's failure to read the warning may be [circumstantial] evidence of the inadequacy of the warning." Id. at 1238 (12). This conclusion is entirely consistent with the evidentiary rule in Georgia favoring the admission of any relevant evidence, no matter how slight its probative value. See, e.g., *West v. Nodvin*, 196 Ga. App. 825, 828 (3) (b) (397 SE2d 567).

The record establishes without contradiction that Charles Turner failed to read any of the warnings affixed to the Bake-Rite container. Thus, consistent with the above-discussed precedent, appellant/de-

fendant would be entitled to a partial directed verdict (see generally *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573 (4) (377 SE2d 15)) as to a products liability claim grounded upon an inadequacy of warning by reason of the insufficient, inaccurate or misleading nature of the *content* of the warning. *Powell*, supra. However, the posture of the evidence did not compel a verdict on behalf of appellant as to any claim grounded upon the defective design of the container by reason of its can-like appearance or lack of a warning located on the plastic container cover. Appellees contend they asserted no claim based on inadequacy of the content of the warning but merely asserted claims as to defective design due to the container's can-like appearance and the location of the warning. Appellees' complaint, however, avers inter alia: "Defendant Wilson Foods Corporation had a duty to warn that its product container was not fit for the storage of cooked or hot shortening and failed to provide such a warning or to provide an adequate warning so as to alert consumers and, specifically, plaintiff . . . to the dangers inherent in storing used or cooked grease in its container." Additionally, it was averred that appellant "was negligent in failing to adequately warn users of its product of the dangers associated with storing cooked or used grease in such containers." Clearly, under the notice pleading criteria of our Civil Practice Act (see, e.g., *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468)), these particular averments asserted, inter alia, a claim based on inadequacy of the content of the warning. Additionally, testimony of record revealed that, although the containers used by Bake-Rite were changed from metal to composite containers with metal tops and bottoms, "the exact same warnings" appeared on the containers' lids and labels; "so regardless of whether it was a metal container or a composite container, the same warnings continued and perpetuated throughout all those decades up until the end of the eighties." During final argument, appellees' counsel argued to the jury that: "Mr. Baxter testified that this container that they started selling in July of 1986 was less likely to withstand heat than a metal container. . . . They did not change the language [of the warning]." Examination of the charges to the jury reveals that the inadequacy of warning issue, as charged, was not limited in scope to a claim of inadequacy of warning due to location thereof; rather, the charges pertaining to warning were broad enough to apply to a claim of inadequacy of the warning's content.

Viewing the record and transcript in their totality, it appears that, whether intentionally or inadvertently, appellees in fact also asserted a claim of inadequate warning due to the lack of sufficiency of its content. The trial court erred in not granting a partial directed verdict as to this claim. *Powell*, supra. A fair risk exists that the jury could have concluded that the warning was defective in its content,

and that such a finding contributed to the ultimate verdict entered in favor of appellees. Under the attendant circumstances, we cannot find that the error in failing to grant a partial directed verdict was harmless.

2. In view of our holding in Division 1 above, we elect not to address appellant's claim that the trial court erred by ordering the jury, after publication of the verdict, to conform it to the court's earlier verdict charge; the initial verdict included an award of punitive damages although such was neither requested by appellees/plaintiffs nor instructed upon by the trial court. It is unlikely this error will recur in the event of a retrial.

3. In view of our holding in Division 1 above, and it being unlikely that such error will recur in the event of retrial, we will not address appellant's claim that the trial court erred in failing to allow it to introduce the deposition testimony of Mr. Moore on the grounds the witness had not been named in the pretrial order. However, a pretrial order is ineffective for any purpose until it is signed by the trial judge. *Roman v. Terrell*, 195 Ga. App. 219 (1) (393 SE2d 83). Moreover, the harsh sanction of precluding the calling of witnesses not listed in a valid pretrial order cannot be upheld if less harsh sanctions are available and appropriate. See generally *Ambler v. Archer*, 230 Ga. 281, 289 (1) (196 SE2d 858).

4. Appellant contends the trial court committed reversible error by improperly permitting appellee to introduce post-sale and post-incident evidence regarding warnings on another manufacturer's products, as these warnings did not exist at the time of the incident and were therefore irrelevant.

Appellees introduced into evidence, over appellant's objection, a plastic shortening can lid (bearing thereon a warning) which had been made by another manufacturer. Generally, the determination whether evidence is relevant rests in the sound discretion of the trial court. *Gully v. Glover*, 190 Ga. App. 238, 242 (4) (378 SE2d 411). In Georgia as a general rule in negligence cases, "[t]he installation of a warning device or the giving of instructions or warnings *after* a product has caused an injury is inadmissible to show negligence, because such evidence is against the public policy to encourage safety through remedial action, and such safety measures might be discouraged if admissible as evidence of negligence." (Emphasis supplied.) Eldridge's Georgia Products Liability, supra at § 2-24, p. 51, citing *McClurd v. Reddick*, 135 Ga. App. 136 (217 SE2d 163); compare *General Motors Corp. v. Moseley*, 213 Ga. App. 875, 881 (4) (447 SE2d 302).

"[A]lthough evidence of subsequent remedial measures is generally inadmissible in negligence actions, there are several exceptions to that rule, 'such as when the subsequent repair, change, or modification tends to prove some fact of the case on trial (other than belated

awareness of negligence, of course), to show contemporary knowledge of the. defect, causation, a rebuttal of a contention that it was impossible for the accident to happen in the manner claimed, and so on.' *Chastain v. Fuqua Indus.*, 156 Ga. App. 719, 722 (275 SE2d 679). . . . Such evidence may also be admitted where the feasibility of repair or modification is an issue. *Wittenberg v. 450 Capitol Assoc.*, 207 Ga. App. 260, 262 (427 SE2d 547). . . . However, when evidence of subsequent remedial measures is admitted for one of those exceptions, the jury should be instructed as to the limited purpose of its admission and admonished not to consider it as evidence of negligence. *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 687 (178 SE2d 543)." *General Motors Corp. v. Moseley*, supra at 882 (4). Unless within an exception, evidence of remedial design changes made by other manufacturers of similar products normally would be inadmissible due to its potential to confuse a jury. *Grenada Steel Indus. v. Alabama Oxygen Co.*, 695 F2d 883, 889 (5th Cir.) and *Middleton v. Harris Press &c.*, 796 F2d 747, 752 (5th Cir.).

Additionally, however, the accepted balancing test for evaluating claims of design defectiveness is the risk-utility analysis test of *Banks v. ICI Americas*, 264 Ga. 732, 733 (1) (450 SE2d 671); this test balances the risks inherent in a product design against the utility of the product so designed. "One factor consistently recognized as integral to the assessment of the utility of a design is the availability of alternative designs, in that the existence and feasibility of a safer and equally efficacious design diminishes the justification for using a challenged design. . . . [T]he reasonableness of choosing from among various alternative product designs and adopting the safest one if it is feasible is considered the 'heart' of design defect cases." Id. at 735 (1). "[I]n determining whether a product was defectively designed, the trier of fact *may consider evidence* establishing that *at the time* the product was manufactured, an alternative design would have made the product safer than the original design and was a *marketable reality and technologically feasible*." (Emphasis supplied.) Id. at 736 (1). The plaintiff in a suit involving a claim of defective design may introduce evidence "that a feasible alternative design, which could have prevented or minimized the plaintiff's injury, was available at the time the manufacturer made its design decisions." Id. at 737 (1). If evidence is duly admissible under any legitimate evidentiary theory, it should be admitted even though it would not qualify for admission under one or more other theories. *Pouncey v. Adams*, 206 Ga. App. 126, 127 (1) (424 SE2d 376). Plaintiff's failure to establish an adequate foundation for admission of such evidence would be subject to objection. In the event of retrial, admissibility of evidence as to the location of the warning used by other shortening manufacturers shall be determined in light of the various evidentiary rules discussed

above.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JULY 3, 1995 —
RECONSIDERATION DENIED JULY 24, 1995.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Lloyd B. Hedrick,* for appellant.

*Smith, Howard & Ajax, Michael J. Rust, Michael D. St. Amand,* for appellees.