A97A1664. QUIKTRIP CORPORATION v. FESENKO et al.
(491 SE2d 504)

POPE, Presiding Judge.

We granted defendant Quiktrip Corporation's ("Quiktrip") application for interlocutory appeal in order to review the state court's denial of its motion for summary judgment. Concluding that plaintiffs Tatiana Fesenko and her husband, Yuri Fesenko, have offered no evidence as to Quiktrip's negligence and that plaintiff Tatiana Fesenko failed to exercise ordinary care for her own safety, we reverse.

Plaintiff Tatiana Fesenko went to buy gas at a Quiktrip store on August 1, 1993. She pulled her car up to a pump, got out of the car, and began to dispense $12 worth of fuel. When the pump indicated

that she had reached that amount, she removed the handle from the tank, but it continued to spew gasoline. Plaintiff replaced the dispenser into the tank, which then overflowed. When she removed it again, gas continued to stream from it. At this point, plaintiff grabbed the hose attached to the handle and raised it over her head, hoping that gravity would stop the flow of fuel. Holding the hose in this way, plaintiff was showered with gasoline for three to five minutes. At some point, plaintiff's friend who was in the passenger seat of the car, jumped out and grabbed the hose. The friend threw the hose to the ground and the fuel flow ceased.

Plaintiffs sued Quiktrip, alleging that the nozzle release device on the pump malfunctioned.

1. With its motion for summary judgment, defendant filed an affidavit of the Quiktrip store first assistant manager, Fred Collins, in which he stated that he was unaware of any gas pump malfunctionings at the time of the incident. Specifically, Collins stated that to his knowledge no gasoline pump nozzle had malfunctioned by continuing to pour out gasoline after the trigger was released.

Plaintiff has pointed to no evidence to support her allegations that the gas pump was defective or malfunctioned on the day of the incident. Instead, to create a jury issue she relies on her pleadings and on the fact that gasoline continued flowing after she removed the pump from the car. She contends that the pump "failed to operate in a normal manner" for any uninformed or inexperienced user of the pump.

At her deposition, plaintiff admitted that she was not familiar with the locking mechanisms which are ordinarily on gas pump handles. Plaintiffs filed an affidavit of the friend who accompanied plaintiff to the Quiktrip on the incident date, which stated that although plaintiff's fingers were not on the gas nozzle, gas was still pouring out.

It is fundamental that once defendant affirmatively negates an essential element of plaintiff's complaint, the burden shifts to the plaintiff to show specific evidence of a genuine issue for trial. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Here plaintiffs' failure to submit any evidence of a defective or malfunctioning pump is fatal to their claim. Accordingly, because plaintiffs have shown no negligence, their claim is barred.

2. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." OCGA § 51-11-7. Although ordinarily questions of negligence are for jury resolution, "[i]n plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of

ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence" do not need to go to the jury. *Hopkins v. Hudgins & Co.*, 218 Ga. App. 508, 509-510 (1) (c) (462 SE2d 393) (1995).

Plaintiff in the present case stood holding a gushing gasoline pump over her head for three to five minutes. When someone finally came to her aid, that person immediately grabbed the nozzle handle and threw it to the ground. As a matter of law, plaintiff's failure to step away from the flowing gasoline constituted failure to exercise ordinary care for her own safety. For this reason also, the court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 27, 1997.

*Sullivan, Hall, Booth & Smith, Roger S. Sumrall, Heather R. Clark*, for appellant.
*Gerber & Gerber, Bernard M. Gerber*, for appellees.