A98A2038. ZEIGLER v. CLOWHITE COMPANY et al.
(507 SE2d 182)

BLACKBURN, Judge.

Wanda Gayle Zeigler appeals the trial court's grant of summary judgment to the defendants, CloWhite Company and Coastal Chemical Company, in the underlying products liability action. Because issues of fact remain for jury determination, we reverse.

"It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993)." (Citation and punctuation omitted.) *Anderson v. Svc. Merchandise Co.*, 230 Ga. App. 551 (496 SE2d 743) (1998). "Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Zeller v. Home Fed. Savings &c. of Atlanta*, 220 Ga. App. 843 (471 SE2d 1) (1996).

Viewed in the light most favorable to Zeigler, the facts reveal that Zeigler used the defendants' product, lemon-scented CloWhite bleach, as a cleaning solution to wash the exterior wooden wall of a friend's house. She diluted the bleach with water and Surf washing powder, creating sudsy water as recommended on the product's label. She did not follow the instructions on the product's label precisely with regard to the exact quantity of bleach added to the sudsy water. She wore rubber gloves which extended halfway to her elbow, goggles, and a cap. As she worked, some of the cleaning solution trickled down her arm and onto her body. Zeigler rinsed her body and clothes with running water while working. After working between one and one-half to two hours, Zeigler noticed that her arms were burning. Since using the bleach, Zeigler alleges that she has suffered from serious health problems including respiratory arrests, burns to her skin, injury to her throat, and damage to her vocal chords and larynx.

Zeigler brought the underlying action alleging that the defendants were strictly liable in tort for the injuries she incurred as a result of her use of their product. Zeigler further alleged that the

lemon-scented bleach was neither merchantable nor reasonably suited for its intended use, and that the defendants failed to warn her that the lemon scent of the product masked the toxic nature of the bleach.

1. Zeigler's cause of action sounding in strict product liability is based on OCGA § 51-1-11 (b) (1) which provides that "[t]he manufacturer of any personal property sold as new property . . . shall be liable in tort, irrespective of privity, to any natural person who may use . . . the property and who suffers injury to his person . . . because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." The Supreme Court of Georgia has previously held that "[a] product that is 'not merchantable and reasonably suited to the use intended' is 'defective.'" *Stiltjes v. Ridco Exterminating Co.*, 256 Ga. 255, 256 (347 SE2d 568) (1986). Therefore, we must determine whether issues of fact remain as to whether CloWhite's lemon-scented bleach was defective.

Zeigler contends that evidence of a defect in CloWhite's lemon-scented bleach is found in the Material Safety Data Sheet (MSDS) prepared for the lemon-scent additive used in the bleach which warns that the scent is incompatible with strong oxidizing agents. A defect is further evidenced by CloWhite's bleach label which describes the bleach as a "strong oxidizer." Dr. Warren Woodford, a chemist, averred that the combination of the lemon-scent additive, the bleach, the water, and the Surf washing powder created terpene scent vapors which, when inhaled, produced symptoms of poisoning. Defendants argue that Zeigler assumed the risk of any injury from the open and obvious nature of CloWhite's bleach.

In *Banks v. ICI Americas*, 264 Ga. 732, 735 (450 SE2d 671) (1994), the Court "adopted a 'risk-utility' analysis to be used in evaluating design defect cases, 'whereby the risks inherent in a product design are weighed against the utility or benefit derived from the product.' *Banks*, supra at 734 (1)." *Bodymasters Sports Indus. v. Wimberley*, 232 Ga. App. 170, 172 (501 SE2d 556) (1998). Almost simultaneously, this Court and the Supreme Court of Georgia held that under a risk utility analysis, an open and obvious danger did not preclude an action against the manufacturer of a product because such factor was "but one factor to be considered in determining whether a product is defective." Id. See also *Ogletree v. Navistar Intl. Transp. Corp.*, 269 Ga. 443, 445 (500 SE2d 570) (1998) ("[t]he open and obvious nature of the danger in a product is logically only one of many factors which affect the product's risk and, therefore, making that single factor dispositive is not consistent with this Court's man-

date in *Banks* that the product's risk must be weighed against its utility").

Based on the foregoing, the trial court erred in granting summary judgment to the defendants on Zeigler's claim of strict product liability.

2. Zeigler also alleges that the defendants failed to adequately warn her of the danger of inhalation of the bleach, especially considering that the odor-masking effect of the lemon scent additive. Although CloWhite's label contains warnings regarding the dangers of direct contact between its product and the user's eyes, clothes, or skin, it does not warn against inhalation of the product's fumes. The warning label on CloWhite's regular bleach is identical to the one used on the lemon-scented bleach.

"In failure to warn cases, the duty to warn arises whenever the manufacturer knows or reasonably should know of the danger arising from the use of its product. [Cits.] An actual or constructive knowledge requirement is consonant with Georgia tort law in general, see, e.g., [cit.]; *Kemp v. Rouse-Atlanta*, 207 Ga. App. 876 (429 SE2d 264) (1993) (negligent hiring and/or retention), and is in accord with the position taken by foreign jurisdictions and legal treatises. [Cits.]; Restatement (2d) of Torts, § 402A, Comment j (seller is required to give warning 'if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge' of the danger)." *Chrysler Corp. v. Batten*, 264 Ga. 723, 724-725 (450 SE2d 208) (1994). "Whether a duty to warn exists depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. Such matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner." (Citation and punctuation omitted.) *Exxon Corp. v. Jones*, 209 Ga. App. 373, 375 (433 SE2d 350) (1993).

In the present case, Zeigler contends that CloWhite had the duty to warn of dangers associated with inhalation of its product, especially considering the fact that the lemon scent masked the normally noxious odor of the bleach. Zeigler established that the MSDS prepared on CloWhite's bleach warned against inhalation but such warning was never placed on the product label. Defendants' contention that the MSDS referred only to large quantities creates a jury issue as to whether a warning was required. Additionally, Dr. Huggins deposed that "normally [product] labels are a condensed version of the MSDS sheet." Yet, CloWhite's product label did not warn against the dangers listed on the MSDS for its bleach. Therefore, the trial court erred in granting defendants' motion for summary judgment on Zeigler's failure to warn cause of action.

3. The trial court also granted the defendants' motion for sum-

mary judgment on Zeigler's claim for punitive damages. Pursuant to OCGA § 51-12-5.1 (b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

Construing the facts in favor of Zeigler, the non-movant, they show that CloWhite put a lemon scent into its bleach which masked the otherwise noxious odor of the bleach. CloWhite's failure to warn consumers of the danger of inhaling the fumes they had masked must be considered in light of the fact that CloWhite also intentionally reduced the consumer's revulsion to the natural product by adding the lemon scent. CloWhite also possessed information which warned against mixing the lemon scent with strong oxidizers. CloWhite's decision not to include on its label a warning against inhaling the fumes of the product was made despite warnings of this danger contained in their MSDS. Again, in reviewing the evidence in favor of the non-movant, CloWhite was aware of the above dangers and added the lemon scent, which enhanced the danger of inhalation of its fumes, yet failed to warn the user of such dangers. A jury could infer a conscious disregard for the safety of others, sufficient to support Zeigler's claim for punitive damages. Therefore, the trial court erred in granting summary judgment on Zeigler's claim for punitive damages.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 16, 1998 —
RECONSIDERATION DENIED OCTOBER 5, 1998 —

*Davis, Gregory, Christy, Forehand & Maniklal, Hardy Gregory, Jr., David A. Forehand, Jr., James G. Tunison, Jr.*, for appellant.

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Carl G. Fulp III*, for appellees.