A99A1540. BATTERSBY v. BOYER et al.
A99A1541. AMERICAN HONDA MOTOR COMPANY, INC.
v. BOYER et al.
(526 SE2d 159)

POPE, Presiding Judge.

Plaintiff Jeanne Boyer was riding as a passenger on a four-wheel all terrain vehicle operated by her thirteen-year-old son when it flipped over and landed on top of her, injuring her back. She and her husband (plaintiffs) filed a product liability action based on negligence, strict liability and breach of warranty against the manufacturer of the vehicle, American Honda Motor Company, Inc. and Honda Motor Company, LED and the seller of the vehicle, Eric Battersby d/b/a Cherokee Cycle ATV & Small Engines, seeking damages for her personal injuries and his loss of consortium. Both Honda and Battersby filed motions for summary judgment, and in separate orders, the trial court granted partial summary judgment to both defendants. We granted defendants' applications for interlocutory review; Battersby's case was docketed in this court as Case No. A99A1540, and Honda's case was docketed in this court as Case No. A99A1541.

*Case No. A99A1540*

1. The record shows that plaintiffs purchased the used ATV for their 13-year-old son from defendant Battersby. The trial court granted summary judgment to Battersby on plaintiffs' strict liability and failure to warn claims,[1] but denied summary judgment to Battersby on plaintiffs' breach of warranty claims. Battersby contends the trial court erred because the trial court specifically found that plaintiffs had failed to present evidence that the ATV was defective,

---

[1] Plaintiffs have not appealed the adverse portions of the trial court's orders, and we therefore render no opinion on the propriety of those rulings.

and plaintiffs must show that the ATV was defective to maintain an action for breach of an implied warranty under OCGA § 11-2-314. *Ream Tool Co. v. Newton*, 209 Ga. App. 226, 229 (4) (433 SE2d 67) (1993); see also *Jones v. Marcus*, 217 Ga. App. 372, 373 (1) (457 SE2d 271) (1995). We agree that the trial court erred in denying Battersby summary judgment on this claim. Merchantable goods are defined in OCGA § 11-2-314 (2) (c) as goods which "[a]re fit for the ordinary purposes for which such goods are used." See also *Moore v. Berry*, 217 Ga. App. 697, 698 (1) (458 SE2d 879) (1995). "Where there is evidence of a defect in the goods which renders them unfit for the ordinary purposes for which such goods are used, the vendor may be held liable under the [Uniform Commercial Code]." (Citation and punctuation omitted.) *Dixon Dairy Farms v. Conagra Feed Co.*, 239 Ga. App. 233, 235 (1) (519 SE2d 729) (1999). Plaintiffs presented no evidence that the ATV was unfit or unsafe *for only one rider*. And there is also no evidence that Battersby knew that plaintiffs intended to operate the vehicle with a passenger. See OCGA § 11-2-315; *Jones v. Marcus*, 217 Ga. App. at 373-374 (3). Battersby was entitled to summary judgment on plaintiffs' breach of warranty claims. Accordingly, the trial court's order in Case No. A99A1540 is reversed.

## *Case No. A99A1541*

2. Finding that the plaintiffs "failed to set forth specific facts showing a defect in the design, manufacture or assembly of the all terrain vehicle in question" the trial court granted summary judgment to Honda on plaintiffs' claim of strict liability, but denied Honda's motion for summary judgment on plaintiffs' failure to warn claim, finding an issue of fact remained concerning whether the warning Honda placed on the vehicle[2] was adequate. Honda argues that the trial court erred in denying it summary judgment on the failure to warn claim because plaintiffs presented no evidence of a foreseeable danger that it had a duty to warn against. But Honda had already placed a warning on the vehicle warning of the danger of operating the vehicle with a passenger. Plaintiffs were not required to show that the product needed a warning that the vehicle was dangerous when operated with a passenger because the manufacturer had already made that determination.

3. Honda next argues the trial court's failure to grant it summary judgment on the failure to warn claim was inconsistent with the finding that the ATV was not defectively designed, manufactured, and assembled. We disagree. In its order the trial court prop-

---

[2] The following warning appeared on the back of the seat of the ATV: "Warning — Operator Only — No Passengers."

erly distinguished plaintiffs' claims based on strict liability and negligent failure to warn. "Georgia law has long recognized [a distinction] between negligence and strict liability theories of liability." *Banks v. ICI Americas*, 264 Ga. 732, 735, n. 3 (450 SE2d 671) (1994) and cits. These are separate and distinct claims arising from different duties owed by the manufacturer to consumers.

> The distinction between these causes of action reflects the different duties that devolve upon manufacturers. While a manufacturer has a duty to exercise reasonable care in manufacturing its products so as to make products that are reasonably safe for intended or foreseeable uses, the manufacturer of a product which, to its actual or constructive knowledge, involves danger to users, has a duty to give warning of such danger. Breach of these different duties hence gives rise to separate and distinct claims.

(Citations and punctuation omitted.) *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1) (450 SE2d 208) (1994). *Zeigler v. Clowhite*, 234 Ga. App. 627, 629 (2) (507 SE2d 182) (1998). Thus, a duty to warn can arise even if a product is not defective.

> A product is not in a defective condition when it is safe for normal handing and consumption. If the injury results from abnormal handling[,] the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use[,] he may be required to give adequate warning of the danger[,] and a product sold without such warning is in a defective condition. However, there is no duty resting upon a manufacturer or seller to warn of a product-connected danger which is obvious or generally known. The same rule applies where it appears that the person using the product should know of the danger, or should in using the product discover the danger. Whether a duty to warn exists thus depends upon [the] foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. Such matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner.

(Citation and punctuation omitted.) *Yaeger v. Stith Equip. Co.*, 177 Ga. App. 835, 836 (341 SE2d 492) (1986). See also *Zeigler v. Clowhite*, 234 Ga. App. at 629 (2).

4. Lastly, Honda argues that the trial court's finding that an issue of fact remains concerning the adequacy of the warning placed on the ATV is inconsistent with the trial court's finding that Bat-

tersby had no duty to warn of the dangers of riding the ATV with a passenger because Honda had already warned of that danger. Again, however, the trial court's order is not inconsistent, but merely reflects the differing duties devolving upon manufacturers and sellers of products. We have previously held that a seller's duty to warn consumers of a particular danger associated with the use of a product may be extinguished when the manufacturer has already warned consumers of the particular danger at issue. *Farmer v. Brannan Auto Parts*, 231 Ga. App. 353 (498 SE2d 583) (1998). Although a seller in this position may be "entitled to assume that the manufacturer has done its duty," *Hester v. Human*, 211 Ga. App. 351, 353 (3) (439 SE2d 50) (1993),[3] this means only that the seller in that circumstance does not have to second-guess whether the manufacturer's warning was adequate. But the consumer's challenge to the adequacy of the manufacturer's warning is not foreclosed.

> "It is . . . a jury question whether or not the manufacturer was negligent in failing to place a warning in such *position*, color and size print or to use symbols which would call the user's attention to the warning or cause the user to be more likely to read the label and warning than not." (Emphasis supplied.) Eldridge's Georgia Products Liability, Theories of Negligence, § 2-24, p. 49. Where a duty to warn arises, . . . "(t)his duty may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks." *Thornton v. E. I. Du Pont &c. Co.*, 22 F3d 284, 289 (12, 13) (11th Cir. [1994]).

*Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 75 (1) (460 SE2d 532) (1995). The trial court did not err in finding an issue of fact remained concerning the adequacy of the warning Honda placed on the ATV; accordingly the judgment in Case No. A99A1541 is affirmed.

*Judgment affirmed in Case No. A99A1541. Judgment reversed in Case No. A99A1540. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 24, 1999.

*Chambers, Mabry, McClelland & Brooks, Edwin L. Hamilton, Christopher K. Annunziata*, for appellant (case no. A99A1540).

---

[3] In *Hester*, 211 Ga. App. at 354, we found that the seller's duty to warn "is governed by the same principles which relate to distribution of the [product] itself" meaning that when the seller knows of no defects in the equipment, it is entitled to assume that the equipment was properly manufactured and not defective when placed on the market by the manufacturer.

*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr.*, for appellant (case no. A99A1541).
*William M. Ordway*, for appellees.