A04A2129. CAMDEN OIL COMPANY, LLC v. JACKSON.
A04A2130. DURAKON INDUSTRIES v. JACKSON.
(609 SE2d 356)

JOHNSON, Presiding Judge.

Lee Jackson sued Camden Oil Company, LLC and Durakon Industries for personal injuries Jackson suffered in a gasoline fire. Following our grant of their applications for interlocutory appeal,

---

Camden Oil and Durakon appeal the denial of their motions for summary judgment. For the reason set forth below, we find the trial court erred in failing to grant partial summary judgment to Camden Oil on the issue of whether Camden Oil was negligent in failing to provide an adequate warning of the risks involved in filling a portable container with gasoline. We affirm the trial court's denial of Camden Oil's motion for summary judgment as to Jackson's claims that Camden Oil was negligent in its efforts to communicate the warning and was negligent per se by reason of its violation of certain rules and regulations of the Georgia Fire Safety Commission. We also affirm the trial court's denial of summary judgment as to Jackson's negligence and strict liability claims against Durakon.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[1]

> This court considers de novo the entire record before it on review of denial of a motion for summary judgment in order to determine if there were genuine issues of material fact which would preclude summary judgment or whether, instead, any such disputes were immaterial and movant[s] [Camden Oil and Durakon were] entitled to summary judgment as a matter of law.[2]

So viewed, the record shows that on May 19, 1999, Jackson's employer, AFF International, asked him to get some gasoline for a pressure washer machine at AFF's plant. AFF provided Jackson with a three-and-a-half-gallon portable container normally used for storing fragrances. Jackson drove his employer's pickup truck to a Conoco gas station operated by Camden Oil. At the station, Jackson dispensed gasoline into the container from a self service gasoline pump while the container was lying on the bed liner of the truck. The truck's bed liner was designed and manufactured by Durakon Industries.

During the process of filling the container, "a little bit" of gasoline splashed onto Jackson's arm. The pump cut off and Jackson took the nozzle out of the container. He noticed that the container was not full, so he began to put the nozzle back into the container to fill it with more gasoline. When Jackson attempted to reinsert the nozzle, his arm caught fire. Jackson suffered burns to his arm and chest.

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Cambridge Mut. Fire Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61 (1) (460 SE2d 302) (1995).

A column was located next to the gasoline pumps at the Conoco station. Written on the column in large, bold letters was "NO SMOK-ING STOP ENGINE." Above the warning was a red and black "no smoking" symbol. Below the large letters were additional warnings, written in substantially smaller text. The warnings were grouped under the headings "Gasoline Health Warning," "Danger Warning," and "Explosion or Fire Hazard," each of which appeared in bold letters. The following appeared under "Explosion or Fire Hazard":

> Portable containers must be placed on the ground prior to filling to avoid explosion or fire from static electricity. Filling improper/unapproved portable gasoline containers is unlawful and dangerous.
>
> Gasoline can only be dispensed into a portable container if the container meets all of the following requirements:
>
> 1. The container must be constructed of metal or must be approved by the National Fire Protection Association.
>
> 2. The container must close securely.
>
> 3. The container must feature a spout or be designed so that the contents can be poured without spilling.
>
> 4. The container must be properly labeled.

Jackson deposed that he did not see or read the warning posted at the Conoco station, although evidence shows the warning was posted when the incident occurred.

### Case No. A04A2129

1. (a) Camden Oil contends the trial court erred by not entering summary judgment in its favor on the issue of whether the warning posted next to the gasoline pump was adequate as to content. We agree.

Jackson claimed Camden Oil was negligent in failing to adequately warn him of the dangers associated with filling a portable container with gasoline.

> The common-law duty imposed upon suppliers of chattels includes the duty to warn of foreseeable dangers arising from the reasonable use for which the product is intended

and requires the exercise of reasonable care to inform third persons of the dangerous condition or of the facts which make the product likely to become dangerous.[3]

We have previously held that where a plaintiff does not read an allegedly inadequate warning, the adequacy of the warning's contents cannot be a proximate cause of the plaintiff's injuries,[4] and proximate cause is a necessary element of Jackson's negligence claim.[5] As Jackson did not read the warning, a jury should not be allowed to consider the adequacy of the contents of the warning as a basis for imposing liability on Camden Oil.

For instance, in *Wilson Foods Corp. v. Turner*,[6] we found that the defendant was entitled to a partial directed verdict as to the adequacy of the content of a product warning because the plaintiff did not read the warning. Because of the trial court's failure to grant a partial directed verdict, we concluded that a fair risk existed that the jury could have concluded the warning was defective in its content, and so reversed a judgment in favor of the plaintiff.[7] Based on the foregoing, we conclude the trial court erred in failing to grant partial summary judgment to Camden Oil as to the adequacy of the contents of the warning posted at the Conoco station.

(b) We disagree with Camden Oil that the trial court erred in failing to grant its motion for summary judgment as to the adequacy of its efforts to communicate the warning.

> Where a duty to warn arises . . . , this duty may be breached by (1) failing to adequately communicate the warning to the ultimate user or (2) failing to provide an adequate warning of the product's potential risks. While failure to read instructions or printed warnings will prevent a plaintiff from recovering on a claim grounded on failure to provide adequate warning of the product's potential risk, failure to read a warning does not bar recovery when the plaintiff is challenging the adequacy of the efforts of the manufacturer or seller to communicate the dangers of the product to the buyer or user. Failure to communicate an adequate warning involves such questions . . . as to location and presentation of the warning. It has been held that where plaintiff alleges

---

[3] *Powell v. Harsco Corp.*, 209 Ga. App. 348, 349-350 (2) (433 SE2d 608) (1993).

[4] See *Daniels v. Bucyrus-Erie Corp.*, 237 Ga. App. 828, 830-831 (516 SE2d 848) (1999); *Powell*, supra at 350 (2).

[5] *Powell*, supra.

[6] 218 Ga. App. 74 (460 SE2d 532) (1995).

[7] Id. at 76-77 (1).

that a warning is inadequate because it was not effectively communicated — a presentation and location of warnings case — the plaintiff's failure to read the warning may be circumstantial evidence of the inadequacy of the warning.[8]

We conclude that material issues of fact remain as to whether Camden Oil adequately communicated to Jackson the dangers involved in filling a portable container with gasoline. "It is a jury question whether or not the manufacturer was negligent in failing to place a warning in such position, color and size print or to use symbols which would call the user's attention to the warning or cause the user to be more likely to read the label and warning than not."[9] The warning at issue here was located on a column in full view of the customers at the gasoline pumps. However, the language relevant to portable containers was under the heading "Explosion or Fire Hazard," and at the bottom of a textual presentation of some length. Arguably, without any visual clues or topically relevant headings, a customer would not realize the warning applied to portable containers.[10] Therefore, evidence would allow a jury to find that Camden Oil was negligent through inadequate efforts to communicate the warning.

Evidence also shows that Jackson was standing next to the posted warning when he pumped the gasoline into the portable container and that nothing blocked his view of the warning, and Camden Oil contends that Jackson would have seen, and could have read, the warning if he had exercised ordinary care for his own safety.[11] Camden Oil further argues that Jackson did not exercise due care for his own safety by filling an improper portable container with gasoline, by failing to place the container on the ground to avoid ignition of the gasoline by static electricity, and by continuing to fill the container after spilling gasoline on his arm. However, except in plain, palpable, and undisputed cases, questions of a plaintiff's

---

[8] (Citations and punctuation omitted.) Id. at 75 (1).

[9] (Citations, punctuation and emphasis omitted.) *Battersby v. Boyer*, 241 Ga. App. 115, 118 (4) (526 SE2d 159) (1999). We see no reason why this principle would not also apply to a seller or distributor who has a duty to warn. See generally *Boyce v. Gregory Poole Equip. Co.*, 269 Ga. App. 891, 897 (3) (605 SE2d 384) (2004) ("when the seller knows, or should know, the particular use of the product and risks from such use, it has a duty to warn").

[10] See *Rhodes v. Interstate Battery System &c.*, 722 F2d 1517 (11th Cir. 1984) (applying Georgia law) (jury question whether defendant was negligent in conveying warning); *Stapleton v. Kawasaki Heavy Indus.*, 608 F2d 571, 573 (5th Cir. 1979) (applying Georgia law) (jury question whether location and use of ordinary type in communication of warning was sufficient).

[11] See OCGA § 51-11-7 (if plaintiff by ordinary care could have avoided the consequences of defendant's negligence, he is not entitled to recover).

exercise of ordinary care for his safety are for the jury.[12] Whether Jackson's failure to read the warning and his other actions in filling the container constituted a lack of ordinary care for his own safety remains a question for the jury.

Camden Oil refers to *Quiktrip Corp. v. Fesenko*,[13] *Thornton v. E. I. Du Pont De Nemours & Co.*,[14] and *Parzini v. Center Chem. Co.*,[15] to show that Jackson's contributory negligence bars his claims as a matter of law. These cases are, however, distinguishable. In *Quiktrip*, the plaintiff exhibited lack of ordinary care for her own safety by "holding a gushing gasoline pump over her head for three to five minutes."[16] While Jackson proceeded with filling the container after spilling a small quantity of gasoline on his arm, Jackson did not drench himself in gasoline, and his actions were not clearly unreasonable as were those of the plaintiff in *Quiktrip*.

Camden Oil also relies on *Thornton* and *Parzini* for the proposition that Jackson's failure to read the warning constituted contributory negligence as a matter of law. *Parzini* does not directly address the issue of whether a warning was effectively communicated, and is not controlling here in view of the authorities holding that a plaintiff's failure to read a warning does not necessarily bar recovery for a claim of inadequate communication.[17] In *Thornton*, however, plaintiff's contributory negligence in failing to read the warning on a product label was at issue although plaintiff contended defendant did not adequately communicate the warning.[18] In that case, plaintiff Thornton applied a highly flammable lacquer thinner to a floor. He then used an electric buffer on the floor, igniting fumes generated by the thinner. The lacquer thinner was specifically designed and marketed for use by professionals in automotive refinishing.[19] Thornton sued the manufacturer claiming the thinner contained a design defect and inadequate warnings. The Eleventh Circuit, applying Georgia law, noted that Thornton had used lacquer thinner two or three times previously, but he had never read the label, and that it was unclear what the defendant manufacturer would be required to do in order to communicate the warning to the plaintiff on this particular occasion. The court affirmed the grant of summary judgment to the defendant based on Thornton's contributory negligence in failing to read the

---

[12] *Ford v. Smith*, 248 Ga. App. 339, 345 (546 SE2d 346) (2001).

[13] 228 Ga. App. 287 (491 SE2d 504) (1997).

[14] 22 F3d 284 (11th Cir. 1994) (applying Georgia law).

[15] 136 Ga. App. 396 (221 SE2d 475) (1975).

[16] *Quiktrip*, supra at 289 (2).

[17] See *Wilson Foods Corp.*, supra; *Battersby*, supra.

[18] *Thornton*, supra at 289-290.

[19] Id. at 286.

warning label.[20]

We do not believe Thornton's failure to read the label on the lacquer thinner can be fairly equated to Jackson's failure to notice and read the warning posted at the Conoco station. Thornton used a product intended for professionals, and he had several opportunities to read an instruction label affixed to lacquer thinner, but failed to do so. Jackson used a product, gasoline, marketed to the general public. Although Jackson filled the container as part of his work duties, evidence does not show Jackson performed the procedure routinely, that Jackson had been to the Conoco station before for the purpose of filling a portable container,[21] or that Jackson was aware of the dangers involved in filling a portable container with gasoline without placing the container on the ground. Accordingly, the jury could conclude Jackson's duty to exercise care for his own safety was similar to that of any other member of the general public who came to the station to purchase gasoline. And if the jury could conclude Camden Oil insufficiently communicated the warning as to portable containers, they could also conclude that Jackson did not fail to exercise ordinary care for his own safety when he did not notice and then read the posted warning. Therefore, Camden Oil was not entitled to summary judgment on Jackson's claim that Camden Oil was negligent in its efforts to communicate the risks involved in filling portable containers with gasoline.

2. Camden Oil also contends the trial court erred in denying its motion for summary judgment as to Jackson's negligence per se claims based on violations of the regulations and rules of the Georgia Fire Safety Commission.[22] Camden Oil does not contest whether Jackson may proceed under a negligence per se theory, but questions whether negligence per se can be shown to be the proximate cause of Jackson's injuries. In particular, Camden Oil argues that Jackson's failure to exercise care for his own safety was the sole proximate cause of his injuries as a matter of law. For the reasons expressed in Division 1 above, we cannot say Jackson so plainly and palpably

---

[20] Id. at 290.

[21] Evidence shows that Jackson was aware of warnings posted at gas stations as to no smoking and turning off engines, and although Jackson had purchased gasoline at the Conoco station before the incident, a jury could conclude that Jackson was not in the habit of ignoring warnings, but rather that Jackson would have noticed the warning about portable containers on the day of the incident – when it was relevant to his activities – if the warning were better communicated.

[22] See *Kull v. Six Flags Over Ga. II*, 264 Ga. App. 715, 716 (592 SE2d 143) (2003) (violation of mandatory regulations may amount to negligence per se if the regulations impose a legal duty). Jackson contends Camden Oil violated Ga. Comp. R. & Regs. r. 120-3-11-.06 of the Fire Safety Commissioner, incorporating National Fire Protection Act 30A, which in turn provides that each service station must have an attendant on duty whenever the station is open who supervises and controls the dispensing of gasoline.

failed to exercise ordinary care for his own safety as to require summary judgment in favor of Camden Oil on Jackson's claim of negligence per se. The trial court did not err in denying Camden Oil's motion for summary judgment on Jackson's negligence per se claim.

### Case No. A04A2130

3. Durakon contends the trial court erred in denying its motion for summary judgment as to Jackson's strict liability and negligence claims because Jackson failed to heed the warning posted at the Conoco station. We disagree.

Although the warning at the Conoco station was not provided by Durakon, Durakon argues that its duty to warn could be fulfilled by another entity in the chain of commerce. *Farmer v. Brannan Auto Parts*,[23] the authority relied on by Durakon, does allow a product distributor to rely on a warning provided by the product's manufacturer in certain circumstances,[24] but *Farmer* does not address Durakon's contention that a manufacturer's duty to warn can be fulfilled by a third party.[25] In any event, the warning at the Conoco station does not refer to the dangers allegedly associated with Durakon's plastic bed liner product. Discounting Durakon's arguments as to *Farmer*, it appears that Durakon's contention is that Jackson cannot show Durakon's negligence or allegedly defective bed liner product was the proximate cause of his injuries because Jackson failed to exercise ordinary care for his own safety. However, as with Camden Oil's claim that Jackson failed to exercise ordinary care, this issue remains for the jury. The trial court did not err in denying Durakon's motion for summary judgment.

*Judgment affirmed in part and reversed in part in Case No. A04A2129. Judgment affirmed in Case No. A04A2130. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 22, 2004 —
RECONSIDERATION DENIED DECEMBER 10, 2004 — ▉▉▉▉▉▉▉
Negligence. Fulton State Court. Before Judge Porter.

*McLain & Merritt, William S. Sutton*, for appellant (case no. A04A2129).

---

[23] 231 Ga. App. 353 (498 SE2d 583) (1998).

[24] Id. at 353 (1).

[25] See generally *Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1) (450 SE2d 208) (1994) (manufacturer of a product which, to its actual or constructive knowledge, involves danger to users, has a duty to give warning of such danger).

*Gray, Rust, St. Amand, Moffett & Brieske, Edward A. Miller,* for appellant (case no. A04A2130).

*Keener & Associates, Russell G. Keener,* for appellee.