## A94A2099. BROWN v. SOUTHEASTERN SECURITY INSURANCE COMPANY, INC.
### (454 SE2d 158)

BIRDSONG, Presiding Judge.

Dorothy Brown appeals the grant of summary judgment to Southeastern Security Insurance Company on her claim on her policy of automobile insurance issued by Southeastern Security, for damages allegedly incurred as a result of the theft of her car. Brown's complaint asserted that her son was in possession of her car and it was stolen after he was ordered overseas with the military. She also alleged that when it was recovered there was extensive damage to the exterior and interior of the car and to the engine. The car was returned to Georgia for repairs and the charge for the repairs to the engine exceeded $2,000. When these engine repair charges were not promptly paid and a mechanic's lien was filed, the finance company repossessed the car. Because Southeastern Security denied Brown's claim for engine repairs, Brown filed this action.

Southeastern Security denied liability, both parties conducted discovery, and Southeastern Security moved for summary judgment asserting that Brown had been paid for all covered losses and the engine repairs were not covered by the policy. The motion for summary judgment was granted, and Brown filed this appeal. She contends Southeastern Security was not entitled to judgment as a matter of law and issues of fact remain for trial. *Held:*

For Brown to recover for the damage to the engine, the loss must have been covered under the policy. *Canal Ins. Co. v. Wilkes Supply Co.,* 203 Ga. App. 35, 36 (416 SE2d 105). The Southeastern Security policy provided: "Loss[es] caused by . . . theft . . . are comprehensive losses." Therefore, recovery was dependent upon a showing that the engine damage was caused by the theft. Southeastern Security's motion for summary judgment and supporting documents contended there was no such showing.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. . . . See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Southeastern Security established that there was no evidence that the damage to the car's engine was caused by the alleged theft of the vehicle. The evidence showed that the damage to the engine was not claimed until months after the car was recovered and that in the interim the car was driven over 10,000 miles. To create a triable issue Brown was then obligated to come forward with specific evidence that the damage to the engine was the result of the theft. OCGA § 9-11-56 (e); *Lau's Corp.*, supra. As Brown failed to come forward with such evidence, summary judgment was properly granted. Further, as Brown did not establish that her claim was a covered loss under the policy, a penalty under OCGA § 33-4-6 was not authorized. "[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp.*, supra at 495.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 6, 1995.

*Mullis, Marshall, Lindley & Powell, J. A. Powell, Jr.*, for appellant.

*Miller & Towson, James V. Towson*, for appellee.