A06A0909. DEW v. MOTEL PROPERTIES, INC. et al.

(638 SE2d 753)

MIKELL, Judge.

In this premises liability action, Gregory Alan Dew alleges that he was bitten by a poisonous spider while he was a guest at the Kingsland Comfort Inn (the "Inn"), which was owned by Motel Properties, Inc. ("Motel Properties"); that Motel Properties breached its duty of care by, among other things, failing to provide a safe environment for its patrons; and that Ecolab, Inc. ("Ecolab"), failed to adequately treat and control pests at the Inn. Motel Properties and Ecolab moved for summary judgment, which the trial court granted and from which Dew appeals. We affirm.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] (Citations omitted; emphasis in original.) *Lau's Corp.*, supra.

We review de novo a trial court's grant or denial of summary judgment.[3]

Viewed in favor of Dew, the evidence shows that en route from his home in Florida to visit relatives in North Carolina, Dew checked into the Inn in Kingsland on August 16, 1997, at approximately 3:30 a.m. Dew testified that he immediately took a shower and went to bed. He was awakened during the night by what he described as a "pinching sensation" on his right forearm but did not seek out the source of the pinch before returning to sleep. Dew testified that at the time he did not know what bit him.

The next morning he noticed a large "welt" with red streaks on his arm and informed the clerk at the checkout desk that he had been bitten during the night. Dew went to a nearby pharmacy to purchase something to treat the "welt," and the pharmacist told him that the mark resembled a poisonous spider bite, that the red streaks were indicative of blood poisoning, and suggested that Dew seek medical attention. Dew did not seek medical attention but resumed his drive to North Carolina. He called the Inn while riding to inform them of the pharmacist's comments and asked that a manager return his call.

Upon arriving at his destination in North Carolina, Dew immediately went to the emergency room because he had begun to experience increasing amounts of pain in his arm. At the hospital, Dew was diagnosed with cellulitis, which is blood poisoning. He was ultimately diagnosed with reflex sympathetic dystrophy, a nervous disease disorder, had surgery on his arm, and incurred more than $200,000 in medical expenses related to the bite.

Dew claims that the "pinch" was a bite from a venomous spider, specifically a brown recluse, though he testified that he did not see a spider in the room at any time, had no idea how long the spider had been in the room, or whether it was brought into the room by him or his friend or another guest. He speculated that the spider entered the room through some point of entry such as a crack in the wall or the front door.

Dew submitted two affidavits from his expert witness, John All, Ph.D., an entomology professor, which outlined the appellees' acts of negligence. All averred that he was familiar with the standards of skill, care, and diligence utilized by pest control companies in Georgia in 1996 and 1997, when the Ecolab Pest Elimination Agreement ("Pest Agreement") was in effect; that the Pest Agreement included Integrated Pest Management ("IPM") practices; and that Ecolab failed to provide adequate pest management by failing to apply IPM principles of prevention, surveillance, or suppression. All further

---

[3] *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

averred that preventive principles required a coordinated program of pest prevention, which did not occur; that surveillance principles required that reports of key pests or infestations be kept and that Ecolab have conversations with the Inn's personnel about the identification and monitoring of pests; and that as a part of suppression, Ecolab was required to follow up on the effectiveness of chemicals that were applied. In his supplemental affidavit, All opined that

> had Ecolab exercised the required degree of care and followed those measures specified in . . . my original Affidavit during the period leading up to August 16, 1997, it would be more likely than not that a guest at the Comfort Inn in Kingsland would not have encountered a venomous arthropod, such as certain spiders or insects, capable of producing the injuries consistent with those experienced by Mr. Alan Dew.

Dew argues that because All's testimony was not refuted or challenged, as a matter of law, the court could not grant summary judgment in the appellees' favor. Also in support of his position, Dew submitted the affidavits of Daniel Womack and Faron King. Womack, a former employee of Motel Properties, averred that he was bitten by a brown recluse spider at the Comfort Suites motel on Jekyll Island in June 1993, and reported the incident to his supervisor. King averred that he was a guest at the Clarion Hotel on Jekyll Island in July 1998, and was bitten by an immature brown recluse spider; that he reported the incident to hotel management; and that he saw spiders at the hotel prior to August 1997, during other times that he was a guest there, and reported the sightings to hotel management. Dew also refers us to a memorandum from a Motel Properties employee, which is discussed below, that documented insect incident reports from other hotels.

1. We first address the grant of summary judgment to Motel Properties.

> Owners or occupiers of land are liable to their business customers for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. However, they are not insurers of their safety. In order to recover, the invitee must prove that (1) the defendant had actual or constructive knowledge of the hazard, and (2) the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the defendant's control. The basis for the owner's liability is the owner's superior knowledge of the

existence of a condition that could subject the invitee to an unreasonable risk of injury.[4]

The mere fact that an incident occurred does not create a presumption of negligence.[5] In *Rhodes v. B. C. Moore & Sons, Inc.*,[6] we affirmed the grant of summary judgment to a store owner on the plaintiff's negligence claims, arising out of an incident wherein the plaintiff was stung by a bee in the defendant's store. Since there had been no previous incidents of insect bites in the store, we concluded that the store owner would have had no reason to anticipate the arrival or presence of or an attack by a flying, stinging insect.[7] Therefore, we held that there was no actionable negligence because "in the absence of knowledge of such a danger there was no duty on the part of the proprietor to take specific steps to prevent the injury by a bee or yellow jacket."[8] The same result is warranted here.

Motel Properties submitted the affidavit of Cindy Barnhart, who was employed by Motel Properties from 1989 to 2001 in the capacity of human resources assistant and executive assistant in support of its motion for summary judgment. Barnhart averred that she received all incident reports related to the Inn and participated in the investigation of Dew's claim; that the Inn had a pest control contract with Ecolab that began in January 1996; that Ecolab provided pest control services at the Inn on January 21, 1997, February 18, 1997, and December 16, 1997; that there were no pest control problems identified at the Inn in 1997, prior to August 16, 1997; that prior to that date, she was unaware of any report of a sighting of a brown recluse or other venomous spider on the premises by a guest, employee, or anyone else associated with the Inn; and that there was no report other than Dew's that anyone had been bitten by a spider at the Inn.

Additionally, there is no direct evidence that Dew was bitten by a venomous spider that was present in the hotel room upon his arrival. Dew did not see any spiders or other insects in the room. When he felt the pinch on his arm, he did not investigate to find out what caused the pinch. Even if we assume for purposes of argument only that Dew was bitten by a spider at the Inn, the evidence is undisputed that Motel Properties did not have knowledge that there were venomous spiders in its rooms at the Inn. Despite the presence

---

[4] (Citation, punctuation and footnotes omitted.) *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497, 499 (610 SE2d 129) (2005).

[5] *Cooper Tire &c. Co. v. Merritt*, 271 Ga. App. 16, 19 (1) (a) (608 SE2d 714) (2004).

[6] 153 Ga. App. 106 (264 SE2d 500) (1980).

[7] Id. at 107 (1).

[8] (Citation and punctuation omitted.) Id.

of insects at other properties owned by the company, there was no evidence that a customer or employee at the Inn had ever been bitten by a spider.

> While the relevancy of other occurrences is ordinarily within the sound discretion of the court, it is necessary that the conditions of the things compared be substantially similar. Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. To establish the existence of a dangerous condition at one place, it is generally not permissible to show conditions at other places.[9]

Therefore, in light of the absence of evidence that Motel Properties had knowledge of the presence of spiders in the hotel rooms at the Inn, the trial court properly granted summary judgment in Motel Properties' favor.

2. Dew argues that because All's affidavit is uncontroverted and unrefuted, the trial court should not have granted Ecolab summary judgment. We disagree.

In order to maintain a negligence claim against Ecolab, Dew must prove that Ecolab had a legal duty to conform to a standard of conduct, which it breached; that there is a causal connection between the conduct and his injury; and that he suffered damages.[10] To prevail at summary judgment, a defendant may pierce the plaintiff's pleadings by presenting evidence which negates an essential element of the plaintiff's claims.[11] Pretermitting whether Ecolab breached a duty it owed to Dew, we find a lack of evidence on the causation element.

> [O]n the issue of the fact of causation, . . . [t]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.[12]

---

[9] (Citations and punctuation omitted.) *Cooper v. Baldwin County School Dist.*, 193 Ga. App. 13, 14 (1) (386 SE2d 896) (1989).

[10] See *Roberts v. Aderhold*, 273 Ga. App. 642, 643 (1) (615 SE2d 761) (2005).

[11] *Lau's Corp.*, supra.

[12] (Citation and punctuation omitted.) *Denson Heating &c. Co. v. Oglesby*, 266 Ga. App.

Dew urges us to rely on his expert's affidavit, but the affidavit itself is based on pure conjecture and speculation that Dew was bitten by a spider that was in the hotel room when he arrived. Even if we assume that a spider bit Dew, we cannot assume that it was present in the room upon his arrival. Dew acknowledged that he and his companion could have been responsible for the spider's entrance into the room. Certainly, we cannot hold Ecolab responsible for ensuring the safety of the outdoors. "Although an opposing party is entitled to the benefit of reasonable inferences, an inference cannot be based on mere conjecture or probability, or on evidence that is too uncertain or speculative."[13] Accordingly, the trial court appropriately granted summary judgment to Ecolab as well.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED OCTOBER 5, 2006 —
RECONSIDERATION DENIED NOVEMBER 13, 2006 — 

*Bruce W. Bennett, Andrea Bennett,* for appellant.

*Misner, Scott & Martin, Neal C. Scott, Nall & Miller, Michael D. Hostetter, Gilbert, Harrell, Sumerford & Martin, Mark D. Johnson,* for appellees.

---

147, 148 (596 SE2d 685) (2004); *Head v. Sears Roebuck & Co.,* 233 Ga. App. 344, 345 (503 SE2d 354) (1998).

[13] (Citation omitted.) *Denson Heating,* supra.