A06A2292. DOZIER CRANE & MACHINERY, INC. v. GIBSON.
A06A2293. DOZIER CRANE & MACHINERY, INC. v. JUDGE
et al.
(644 SE2d 333)

MIKELL, Judge.

In these consolidated cases, plaintiffs Jeff Gibson and Christopher Judge allege that Dozier Crane & Machinery, Inc. ("Dozier"), a buyer and seller of heavy equipment, is liable for injuries they sustained while performing construction work on behalf of general contractor Pinkerton & Sons ("Pinkerton") at the Mickve Israel Synagogue in Savannah. At the time they were injured, Gibson and Judge were guiding metal rebar to the ground. They were injured when the boom of a crane, which was lifting the rebar, allegedly touched an overhead power line. The crane was leased by Pinkerton

---

from Tim's Crane & Rigging ("Tim's"), which had purchased it used and refurbished from Dozier in 1999. Judge, his wife Allison Judge, and Gibson filed separate actions against Dozier, asserting claims of negligence, product liability, failure to warn, and breach of warranty related to Dozier's removal of all warning signs, placards, and decals during refurbishment of the crane.[1] Allison Judge also asserted a claim for loss of consortium. The trial court denied Dozier's motions for summary judgment, but certified its order for review. We granted the application for interlocutory appeal and now affirm.

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

"We review de novo a trial court's grant or denial of summary judgment."[3] Viewed in favor of the Judges and Gibson, the record shows that Dozier purchased a used Grove-Daewoo, DCT-35 crane from a seller in Korea and refurbished it for sale to Tim's in June 1999. Refurbishment included cleaning, stripping, sanding, painting, and replacing old parts. It is not clear from the record whether the crane had any decals or labels when it arrived from Korea. Dozier Cook, Dozier's owner and president, recalled observing a Korean symbol on the side of the boom, but he could not recall any other markings. Though it was Dozier's practice to apply warning decals on its refurbished equipment, including electrocution hazard warnings, no one could recall whether any decals had been placed on the Grove

---

[1] Because Dozier sold the crane to Tim's on an "as is, where is" basis, plaintiffs withdrew their claim for breach of warranty.

[2] (Punctuation and footnotes omitted; emphasis in original.) *Dew v. Motel Properties*, 282 Ga. App. 368 (638 SE2d 753) (2006).

[3] (Footnote omitted.) Id. at 369.

crane. However, Cook stated that electrocution warning decals generally are placed inside the cab and on the outside of the crane.

Tim's purchased the crane from Dozier in an "as is, where is" condition and operated it for over 4,500 hours without incident. On February 11, 2002, Tim's contracted with Pinkerton for use of the crane — and an operator — at its construction site adjacent to the Mickve Israel Synagogue in Savannah. On February 12, 2002, the crane was used to move rebar into the construction site. Gibson and Judge, who were working as temporary laborers for Pinkerton, were asked to help guide the rebar to the ground. Both men were injured when the crane boom lifting the rebar allegedly touched an overhead power line.

Judge deposed that when he began working at the site he was told of the presence of electrical lines and cautioned that the job site had "tight boundaries." He further deposed as follows: "[p]rior to the injury, I [did not] know anything about [crane safety]. I know you probably can't stick one in a power line. Don't get me wrong. That makes sense, but I wasn't operating it so I didn't have to worry about it too much." Judge never inspected the crane and could not remember if he looked at it for any safety warnings; however, he testified that just prior to the incident, he was "kind of looking at the crane" and that he walked by or around the crane. When asked if he was aware of the power line, Gibson stated that "[i]t wasn't really to my attention." When he was called to help with the rebar, Gibson walked past the "whole crane." Though he did not know "one way or the other" whether there were signs or decals on the crane, Gibson stated that he may have looked at the crane "a little bit."

1. In denying summary judgment, the trial court ruled that issues of fact remain regarding whether the learned intermediary doctrine applies in this case. Dozier contends it is not liable because the crane was under the control and supervision of Tim's, a learned intermediary.

Under the learned intermediary doctrine, a manufacturer is not normally required to directly warn the ultimate consumer of a known risk if there is a learned intermediary between the manufacturer and the ultimate consumer.[4] Though we have applied the doctrine to limit

---

[4] See *Carter v. E. I. DuPont de Nemours & Co.*, 217 Ga. App. 139, 140 (456 SE2d 661) (1995); *Exxon Corp. v. Jones*, 209 Ga. App. 373, 375 (433 SE2d 350) (1993); *Stiltjes v. Ridco Exterminating Co.*, 178 Ga. App. 438, 441 (2) (343 SE2d 715) (1986), aff'd but criticized on other grounds, 256 Ga. 255 (347 SE2d 568) (1986); *Eyster v. Borg-Warner Corp.*, 131 Ga. App. 702, 704 (2) (206 SE2d 668) (1974). See also *Presto v. Sandoz Pharmaceuticals Corp.*, 226 Ga. App. 547, 548 (1) (487 SE2d 70) (1997).

liability in certain circumstances,[5] we decline to extend it to this type of case.

2. Plaintiffs alleged in their respective complaints that Dozier owed them a duty to warn of latent dangers associated with the crane and that Dozier breached this duty by failing to apply signs warning of the dangers of operating a crane near electrical power lines. The trial court ruled that issues of fact remain regarding whether Dozier had a duty to provide adequate warnings on the crane of a foreseeable risk of electrocution.

To state a cause of action for negligence, a plaintiff must establish the following essential elements: "(1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury."[6]

> The common-law duty imposed upon suppliers of chattels includes the duty to warn of foreseeable dangers arising from the reasonable use for which the product is intended and requires the exercise of reasonable care to inform third persons of the dangerous condition or of the facts which make the product likely to become dangerous.[7]

Dozier contends that it had no duty to warn because it sold the crane to Tim's "as is, where is" and had no control over its maintenance after the sale date, including applying decals. We hold otherwise. As a supplier of refurbished equipment, Dozier owed a duty to third persons to warn of the foreseeable dangers associated with its refurbished equipment, including the risk of electrocution. Dozier's burden of warning against foreseeable dangers is slight and, in fact, the evidence shows that it was Dozier's practice to apply signs warning of the dangers of electrocution on its refurbished equipment. The requirement of applying the decals in this case would serve not only to inform the crane operator of any dangers but to continually remind him to check for power lines and prompt him, or others on the construction site, to point out the danger to the plaintiffs. As to whether Dozier breached its duty, the evidence shows that genuine issues of material fact remain as to the condition of the crane when it left Dozier's possession.

---

[5] See, e.g., *Presto*, supra (manufacturer of prescription drugs had no duty to warn patient directly of dangers in its use); *Stiltjes*, supra (pesticide manufacturer had no duty to warn plaintiff because it was entitled to rely on the laws charging commercial applicators with knowledge of pesticide toxicity and safe methods of application).

[6] (Footnote omitted.) *Sequoia Residential Roofing v. Hanlake I, LP*, 247 Ga. App. 460, 461 (543 SE2d 816) (2001).

[7] (Footnote omitted.) *Camden Oil Co. v. Jackson*, 270 Ga. App. 837, 839-840 (1) (a) (609 SE2d 356) (2004).

Lastly, we find that sufficient evidence was presented to create a genuine issue of material fact on the element of causation. Generally, where there is no evidence that a plaintiff read the allegedly inadequate warning, causation cannot be shown.[8] For example, in *Daniels v. Bucyrus-Erie Corp.*,[9] the plaintiff sued the defendant crane manufacturer, asserting claims of products liability and failure to warn for injuries he sustained when a crane operated by his employer toppled over as he worked nearby. The plaintiff argued that the defendant should have placed a sign on the outside of the crane's outrigger arm, warning innocent bystanders not to "stand near machine if not adequately cribbed." Though we acknowledged that under certain circumstances, bystanders may be entitled to warnings, we found that the plaintiff could not prove causation because the evidence shows that he paid no attention to the arms of the crane prior to the accident, and thus would not have seen the warnings proposed by his experts.[10]

We find the instant case distinguishable from *Daniels*. Here, unlike the plaintiff in *Daniels*, Gibson and Judge were working directly with the crane operator in moving the rebar, looked at the crane, and thus may have seen warning decals had they been attached. Accordingly, we conclude that there is sufficient evidence here to create a genuine issue of material fact as to causation.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2007.

*Drew, Eckl & Farnham, Christopher J. O'Donnell, Peter H. Schmidt II*, for appellant.

*Savage, Herndon & Turner, Christopher D. Britt*, for appellees.

---

[8] See generally *Royal v. Ferrellgas, Inc.*, 254 Ga. App. 696, 705 (3) (a) (563 SE2d 451) (2002) (no breach of a duty to warn when the warning was actually given, but plaintiff's employer did not pass it on or plaintiff failed to heed it); *Powell v. Harsco Corp.*, 209 Ga. App. 348, 349-350 (2) (433 SE2d 608) (1993) (alleged inadequacy of instructions cannot be proximate cause of injury when instructions provided but not read); *Cobb Heating & Air Conditioning Co. v. Hertron Chem. Co.*, 139 Ga. App. 803, 804-805 (229 SE2d 681) (1976) (same). Accord *Camden Oil*, supra; *McCleskey v. Olin Mathieson Chem. Corp.*, 127 Ga. App. 178, 179-180 (3) (193 SE2d 16) (1972); *Daniels v. Bucyrus-Erie Corp.*, 237 Ga. App. 828 (516 SE2d 848) (1999).

[9] Supra.

[10] Id. at 830-831.