A07A0699. THOMPSON et al. v. GENERAL SECURITY INSURANCE COMPANY.
A07A0700. THOMPSON v. GENERAL SECURITY INSURANCE COMPANY.
(649 SE2d 736)

MIKELL, Judge.

These companion cases arise out of a motor vehicle collision that occurred on September 22, 2001. David Lee Hinton, a driver for motor carrier Cocke Brothers Transportation Systems, Inc. ("Cocke"), was operating a tractor-trailer on Interstate 20 in Greene County when he rear ended a vehicle driven by John Thompson, Jr. Thompson brought this action for personal injuries against Hinton, Cocke, Sirius American Insurance Company ("SAIC") and General Security Insurance Company ("GSIC"). Tracie Thompson and David Simpson also filed suit for the wrongful death of their nine-year-old daughter Alicia Simpson, a passenger in John Thompson's vehicle at the time of the collision. GSIC, which provided insurance coverage to Cocke pursuant to OCGA § 46-7-12, answered and successfully moved to add the Georgia Department of Transportation, Georgia Public Service Commission ("PSC"), and the Georgia Department of Motor Vehicle Safety ("DMVS") as third-party defendants. The trial court granted summary judgment to GSIC on the ground that it cancelled Cocke's insurance policy effective July 2001, by filing a Form K, Uniform Notice of Cancellation of Motor Carrier Insurance Policies, with the PSC on May 14, 2001. The Thompsons and Simpson appeal, alleging

that there is no direct evidence of the actual receipt of any Form K on behalf of GSIC. We disagree and affirm.

"To prevail at summary judgment . . . , the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1]

> A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

Our review of the grant or denial of summary judgment is de novo.[3]

The pertinent issue in this case is whether the insurance policy issued by GSIC effective July 1, 1999, was properly cancelled in July 2001, by the filing of a Form K with the PSC on May 14, 2001. In order to properly address this issue, we must examine the Motor Carrier Act of 1931 (the "Act"), OCGA § 46-7-1 et seq., and PSC procedures. The Act gives the PSC the power to regulate the business of persons engaged in the transportation of persons and property for hire on any public highway in this state and provides that a motor carrier cannot operate without first obtaining a certificate from the PSC.[4] To obtain a certificate, the common carrier must provide a bond, with adequate security, for the protection of passengers, cargo, and the public against injuries caused by the carrier's negligence.[5] Internal PSC rules provide that a certificate of insurance or "Form E," evidencing a policy of indemnity insurance, may be filed in lieu of such bond.[6] An insurer may cancel a certificate of insurance by sending to the PSC a

---

[1] See *Brown v. Southeastern Security Ins. Co.*, 216 Ga. App. 234 (454 SE2d 158) (1995), citing OCGA § 9-11-56.

[2] (Footnote omitted; emphasis in original.) *Dozier Crane & Machinery v. Gibson*, 284 Ga. App. 496, 497 (644 SE2d 333) (2007).

[3] Id.

[4] OCGA §§ 46-7-2; 46-7-3. Effective July 1, 2001, the motor carrier function of the PSC was transferred to the DMVS; however, for clarity purposes, we will refer to the PSC or the Commission since the events at issue occurred prior to the transfer.

[5] OCGA § 46-7-12 (a). See also Transportation Rules of Georgia PSC, Rule 7-2.1 (a).

[6] Transportation Rules of Georgia PSC, Rules 7-2.1 (c), 7-2.6 (c) (1).

"Uniform Notice of Cancellation of Motor Carrier Insurance Policies" or Form K.[7] PSC rules further provide that any insurance policy shall continue until 30 days after written notice of the cancellation, i.e., Form K, is received in its office.[8]

According to PSC employees, Forms E and K were preprinted by the insurance industry and submitted to the PSC in triplicate. When either form was received in the PSC office, staff would date-stamp the first and second pages of the form and initial the second page. The PSC would keep the first page, return the initialed copy to the insurance company, and discard the third page. PSC staff testified that it was possible they could forget to initial the insurance company's copy. The forms were then sorted and held for processing at a later date when staff would review them to determine whether they were to be accepted or rejected. If a form was correct and complete, it was accepted; the information was entered into the PSC computer system, TCS/2000; and the original was date-stamped "entered." If a form was incorrect or incomplete it was rejected; the insurance company was notified by mail of the rejection; and a copy of the rejection letter was placed in the file. If a Form K was accepted, the TCS/2000 generated a letter notifying the motor carrier that its insurance was being cancelled.

With these requirements and procedures in mind, we address the facts in the record below. Sometime after these actions were filed in the State Court of Chatham County, counsel for GSIC submitted to the PSC a copy of a Form K seeking confirmation that GSIC had cancelled Cocke's insurance policy, effective July 2001. The PSC responded that there was no record in Cocke's file of a Form K having been filed with the PSC on May 14, 2001, and that no such document existed in PSC records or on the TCS/2000. The PSC further explained that the form submitted by counsel would have been rejected because the address was incomplete. Subsequently, counsel produced a *second* copy of a Form K for policy number TP1006483, stamped received by PSC on May 14, 2001 — but not initialed — explaining that the "original, stamped, completed address Form K" had been found by the insured. Though the PSC file does not contain a Form K cancelling Cocke's policy with GSIC, computer records reflect that a Form E was entered for GSIC on May 25, 2001, for policy number TO1006483.

PSC employee Gertrude Cash testified that she was responsible for the computer entry showing that a Form E was accepted from GSIC on May 25, 2001; that there is no Form E in the file that

---

[7] Id. at 7-2.6 (b), (c) (3).

[8] Id. at 7-2.6 (b).

corresponds with that entry; that the computer default is set to a Form E; and that in order for an entry to be made in the TCS/2000, there must be a document to cause the entry to be made. Cash acknowledged that she could have mistakenly entered the GSIC form as a Form E and that she may have incorrectly typed the policy number. Finally, Cash testified that the date stamp on the Form K produced by GSIC resembled the date stamp on other forms received by the PSC. Betty Blount, a program assistant with the PSC, testified that the PSC used red ink in 2001; that the stamp on GSIC's second Form K was in red ink; and that the stamp appeared to be the PSC's stamp. However, she could not explain the Form E entry of May 25, 2001. In its response to GSIC's first request for admissions, the PSC could not confirm the genuineness of the document or the stamp. PSC employees did, however, confirm that on July 11, 2001, SAIC submitted a Form E to the PSC initiating insurance coverage for Cocke, effective July 1, 2001.

On March 31, 2005, GSIC's forensic expert, Albert Lyter, inspected 35 Form E and Form K documents at the PSC, all of which contained an ink stamp with the following notation:

RECEIVED

MAY 14 2001

TRANSPORTATION DIVISION

GA PUBLIC SERVICE COMMISSION

According to Lyter, 18 of the 35 forms have the same ink stamp that appears on GSIC's Form K. Lyter compared ink samples from GSIC's Form K and two forms produced by the PSC, and concluded that the stamps were generated with the same ink and rubber stamp, and that all three stamps contained a defect in the letter "S" in the word "TRANSPORTATION." GSIC maintains that the Form K produced by counsel for GSIC was received by PSC on May 14, 2001, and entered into the computer by Cash on May 25, 2001, but as a Form E with the wrong policy number.

The trial court granted summary judgment to GSIC, ruling that Lyter's unrebutted affidavit established that the Form K submitted by GSIC was received by the PSC on May 14, 2001, and that cancellation of the policy should have occurred on July 1, 2001.

1. Appellants contend that the trial court erred in granting summary judgment to GSIC because the opinion of an expert alone is insufficient to demand summary judgment, and there was evidence that GSIC filed a Form E but not a Form K. Although appellants'

premise is correct,[9] it does not apply here because summary judgment is not based solely on Lyter's opinion. The document itself shows on its face that it was received by the PSC on May 14, 2001, and appellants have not pointed to any specific evidence that the form was not *received*; that it was falsely stamped or otherwise irregular; or that the stamp was not authentic. Indeed, Blount and Cash testified that the stamp appeared to be authentic. In cases involving court filings, we have held that "[a] paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed, is the best evidence of such filing."[10] Thus, a document is considered filed when it is delivered to and received by the proper official to be kept on file.[11] The evidence shows that GSIC's Form K was received by the PSC on May 14, 2001. The fact that the form does not appear in the PSC's file or on its computer records does not negate the fact that the form was received by the PSC. Once received, it was the PSC's responsibility to ensure that the form was properly processed. That the form was processed incorrectly, or not at all, does not affect the outcome of GSIC's motion.

Appellants contend that public records are presumed to be correct and that the TCS/2000 printout shows that GSIC actually filed a Form E. But the TCS/2000 printout does nothing to rebut GSIC's direct evidence that the PSC received a Form K from GSIC on May 14, 2001, cancelling Cocke's insurance policy. Appellants further point out that when GSIC's counsel first presented the PSC with its Form K, the form did not contain Cocke's address or a file stamp. When advised of these omissions, counsel produced the form at issue. Therefore, appellants argue that a reasonable juror could conclude that if the second Form K had been available at the time counsel met with the PSC, it would have been produced. This argument indirectly implies that the form itself and/or the file stamp are forgeries, a theory unsupported by evidence in the record.

As appellants have failed to point to direct evidence showing that GSIC's Form K was anything but authentic, the trial court properly granted summary judgment to GSIC. To find otherwise would invite

[9] See, e.g., *Harrison v. Tuggle*, 225 Ga. 211, 212-213 (2) (167 SE2d 395) (1969); *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393) (1969).

[10] (Citations and punctuation omitted.) *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119) (1972).

[11] *Valentine v. Hammill*, 258 Ga. 582 (372 SE2d 435) (1988). See also *Simmons v. J. A. Jones Constr. Co.*, 72 Ga. App. 517, 518-519 (34 SE2d 300) (1945) (where answer was received but not marked filed, trial court properly directed clerk to enter true date of filing, nunc pro tunc). Compare *Peterson v. Taylor*, 15 Ga. 483 (1854) (where brief bore no filing mark, and the clerk of court swore that it had never been filed, evidence was insufficient to establish that brief had been filed).

challenges to the validity of all publicly filed documents, based on unsupported supposition.

2. Alternatively, appellants argue that even if GSIC's Form K had been stamped "received" by the PSC, it was error to grant summary judgment because the form did not contain Cocke's address and would have been rejected by the PSC. On the contrary, the evidence shows that the second Form K produced by GSIC contains a valid address, and PSC employees testified that it would have been accepted.

3. Finally, appellants contend that the trial court's ruling improperly considered the fact that SAIC provided coverage to Cocke after the time GSIC alleges that the Form K was provided to the PSC. In light of our ruling in Division 1, that the unrebutted evidence shows that GSIC's Form K was received by the PSC on May 14, 2001, this argument is meritless.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 31, 2007 —
RECONSIDERATION DENIED JULY 13, 2007.

*O'Neal, Brown & Clark, Manley F. Brown, John C. Clark, Jarome E. Gautreaux, Gambrell & Stolz, Charles M. Cork III, Dennis P. Helmreich,* for appellants.

*Thurbert E. Baker, Attorney General, Jeffrey W. Stump, Assistant Attorney General, Cruser & Mitchell, Joseph R. Cruser, Nola D. Jackson, Dennis, Corry, Porter & Smith, R. Clay Porter, Stephanie C. Patel,* for appellee.