[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14134
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01160-RLV

AZALEA HOUSE LLC,

Plaintiff-Appellant,

versus

NATIONAL REGISTERED AGENTS, INC.,
a.k.a. NRAI Services, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 25, 2011)

Before HULL, MARTIN and COX, Circuit Judges.

PER CURIAM:

Azalea House LLC hired National Registered Agents, Inc. ("NRAI") as its

registered agent for receiving service of process. When Azalea House did not receive

service of process in a state-court action and later suffered a default judgment, it sued NRAI in federal court for negligence, alleging that NRAI did not properly serve it with process. The district court granted summary judgment in favor of NRAI, finding that Azalea House's failure to receive process and the subsequent default judgment were caused, not by NRAI's actions, but by Azalea House's failure to notify NRAI that it had moved its office from Atlanta, Georgia to Ormond Beach, Florida. After review, we affirm.

We review a district court's summary judgment decision de novo, applying the same legal standards as those that governed the district court. *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1194 (11th Cir. 2010) (citation omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe the facts and draw all reasonable inferences in favor of the non-moving party. *Abel v. S. Shuttle Servs., Inc.*, 620 F.3d 1272, 1273 n.1 (11th Cir. 2010) (citation omitted). We therefore state the facts in the light most favorable to Azalea House, the non-moving party.

Azalea House was organized as a Georgia limited liability company in December 2005, and at that time designated NRAI as its registered agent for service of process. A five-member LLC, Azalea House designated Martin Schueren as an

officer and the managing agent. In the Articles of Organization filed with the Georgia Secretary of State, Azalea House listed the following address as its mailing address and principal place of business: 825 Highland Lane, #1215, Atlanta, Georgia 30306. This address was actually Schueren's home address at the time, and was the only contact address provided to NRAI for its use as registered agent.

In March 2006, one of Azalea House's members, Mark Pinzur, transferred property located on Azalea Drive in Augusta, Georgia to Azalea House by quitclaim deed. The property was located less than one mile away from the Augusta National Golf Club, where the Masters Golf Tournament is played annually. As its sole asset, the property was intended to be used as a hospitality house during the Masters Golf Tournament.

In May 2007, Martin Schueren and the registered office of Azalea House moved from Atlanta, Georgia to Ormond Beach, Florida. When Azalea House retained NRAI as its registered agent, Schueren received a notice regarding the importance of notifying NRAI of any change of address for Azalea House. That notice provided a toll-free telephone number for change-of-address purposes. Despite this notice, Schueren did not notify NRAI of the change of address. Schueren also failed to notify the Georgia Secretary of State's office when he and the company moved. Due to the failure to inform the Secretary of State's office, Azalea House did

3

not receive its annual corporate renewal forms, did not pay its annual fee, and was later administratively dissolved.[1]

About seven months after Azalea House moved its registered office without telling anyone, in December 2007, NRAI was served with process for an action that had been filed against Azalea House in a Georgia state court. Pursuant to its internal policies, NRAI attempted to call Azalea House about the filing of the lawsuit. That effort proved unsuccessful because the provided number was a wrong number. The next day, NRAI forwarded the process, via overnight Federal Express delivery, to the only address that it had on file for Azalea House: the Highland Lane address in Atlanta, Georgia.

The package sent to the Georgia address was never returned to NRAI, and NRAI received a delivery confirmation from Federal Express. The delivery confirmation indicated that signature confirmation could be obtained by calling Federal Express. NRAI did not call to verify that a signature had been obtained, however, because it assumed the package was received based on the delivery confirmation. It is undisputed that Federal Express did not obtain a signature when it delivered service of process.

---

[1] Azalea House was eventually reinstated, and then filed this lawsuit.

Azalea House did not actually receive service of process of the state-court action, and did not file an answer. A default judgment was entered. Like the service of process, Azalea House claims to have never received a copy of the default judgment. NRAI sent the default judgment via Federal Express to the same Georgia address provided by Azalea House. On this occasion, however, NRAI received notification that Azalea House was no longer present at that address, and the package was returned to NRAI as undeliverable. NRAI then sent the default judgment by the United States Postal Service to the Georgia address. While the record is unclear as to what happened to this package, Azalea House contends it never received a copy of the default judgment.

As a result of the default judgment entered against Azalea House, ownership of its sole property reverted to one of its individual members, Mark Pinzur. The property was subsequently sold at a sheriff's sale to a third party based upon a judgment that had been entered in another case against Pinzur. Azalea House did not learn that ownership of the property had been transferred until May 2008. Azalea House then filed this action, seeking damages for the value of the Azalea Drive property, lost profits, and punitive damages.

In this diversity case, Azalea House has sued NRAI for negligence. Under Georgia law, to state a cause of action for negligence, a plaintiff must establish the

5

following essential elements: "(1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Dozier Crane & Mach., Inc. v. Gibson*, 644 S.E.2d 333, 336 (Ga. Ct. App. 2007). The district court, in granting summary judgment in NRAI's favor, implicitly assumed that NRAI breached its legal duty to Azalea House but concluded that Azalea House could not establish a causal connection between this breach and the default judgment entered against Azalea House. We may affirm the district court's grant of summary judgment on any ground, regardless of whether the ground was addressed and relied upon by the district court. *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).

## A. Duty

Georgia law does not provide, either by statute or judicial decision, any specific duty of care that a registered agent owes to a limited liability company. Under O.C.G.A. § 14-2-504, a registered agent must receive service of process on behalf of the company, but the statute does not require an agent to perform any particular acts in receiving service of process. Because Georgia law is silent on the duty that a registered agent owes to an LLC, the parties agree, as do we, that a registered agent simply owes a duty of "reasonable care" in receiving service of process.

6

Azalea House contends that NRAI breached its duty to use reasonable care because it did not follow its own delivery policy. Azalea House's theory is that NRAI was negligent in failing to obtain a signature upon delivery. The failure to obtain a signature, in turn, caused NRAI to commit a number of other allegedly negligent acts–namely, that NRAI failed to send Azalea House an email, conduct a Google search, send the service of process by United States mail, and contact the Post Office for forwarding information. To establish NRAI's legal duty to obtain a signature and perform all of these acts, Azalea House cites NRAI's "Registered Agent Services Manual," which says: "The overriding responsibility as [registered] agent is to [receive] legal processes on behalf of your client and to take all steps necessary to communicate with and forward to the client the legal process immediately upon receipt." (R.2-36, Ex. D at 5.) In addition to the Manual, Azalea House points out that the Executive Vice President of NRAI testified in his deposition that NRAI, as a matter of company policy, requires a signature for delivery of service of process. (R.2-36, Ex. A at 9.) The Vice President also testified that, if a package is returned, NRAI takes multiple steps in order to find a more accurate address. NRAI will call the phone number on record, perform internet research in an attempt to find a better address, or send the package by United States mail in hopes that there will be a forwarding address or that it will be returned with a better address. (R.2-36, Ex. A

at 15-16.) Based on this evidence, Azalea House argues that there is a genuine issue of material fact as to whether NRAI breached its legal duty to use reasonable care in receiving service of process.

We conclude that, as a matter of law, NRAI did not breach its duty of reasonable care to Azalea House. First, we emphasize that no agreement between Azalea House and NRAI addresses what performance will be required of NRAI as registered agent. Most notably, NRAI never represented to Azalea House that a signature would be required or that NRAI had a responsibility to obtain a signature. Second, the Vice President's testimony and NRAI's Manual do not establish any legal duty to obtain a signature upon delivery of service of process. "Standards or recommendations published by a private entity for use as guidelines do not create a legal requirement to comply with those standards, and violation of such privately set guidelines, although admissible as illustrative of negligence, does not establish negligence." *Muller v. English*, 472 S.E.2d 448, 454 (Ga. Ct. App. 1996) (internal quotation marks and citation omitted). Whatever NRAI's policies may provide, they do not create any legal duty on NRAI's behalf. And, while NRAI's violation of its own policy may be admissible evidence of negligence, that evidence, in the context of this case, does not create a genuine issue of fact for trial. No reasonable juror could conclude that NRAI, with no agreement whatsoever as to its performance, was

negligent by failing to obtain a signature, send an email, or perform a Google search, especially considering NRAI sent the process to the only address that Azalea House provided and received delivery confirmation that process was delivered. We therefore affirm the district court's grant of summary judgment on the ground that NRAI did not breach its legal duty to Azalea House.

## B. Causation

Even if NRAI's failure to comply with its internal policies could establish a breach of its legal duty to Azalea House, the district court was correct in granting summary judgment on the ground that NRAI's negligence did not cause the default judgment entered against Azalea House. The district court found that the default judgment entered against Azalea House was caused by Azalea House's failure to notify NRAI of its change of address, not any act or omission of NRAI.

Azalea House contends this was error, arguing that it most likely would have received the service of process had NRAI made sure that Federal Express obtained a signature. Azalea House bases its theory of causation on the following chain of events: First, if NRAI had required a signature when it sent the service of process, and no signature was obtained, the package would have been returned to NRAI. Second, if the package had been returned to NRAI, it would have then sent the package via the United States Postal Service to the same address. Third, if the

package was sent by the United States Postal Service, it would have been forwarded, either by the Postal Service itself or the occupants of Schueren's Georgia address, to Schueren's correct address in Florida. Fourth, if the package was sent to Schueren's Florida address, Schueren would have received it, and made sure the complaint was answered in order to avoid a default judgment.

We agree with the district court that, as a matter of law, NRAI's conduct was not the cause-in-fact or proximate cause of Azalea House's harm in suffering a default judgment. To show causation, "a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *Gay v. Redland Baptist Church*, 653 S.E.2d 779, 780 (Ga. Ct. App. 2007) (quotations and citation omitted).

Azalea House's string of speculative contingencies cannot establish an unbroken chain of events that amounts to cause-in-fact or proximate cause under Georgia law; the causal chain breaks in multiple places. First, it is unclear that the package would have been returned to NRAI if a signature was required. Even if NRAI required a signature, Federal Express may not have actually obtained one, or may not have obtained one from Schueren. No cited evidence in the record establishes Federal Express's policy regarding signatures–who must sign, when they

10

must sign, the consequences of signing, etc. Second, assuming that requiring a signature would have caused the package to be returned to NRAI, it is unclear that NRAI would have turned around and sent the same package via United States mail to the same Georgia address, or somehow found Schueren's Florida address on the internet. Third, assuming NRAI would have sent the package by United States mail to the same Georgia address, there is no evidence that the package would have been forwarded to Schueren's correct address in Florida. The undisputed evidence shows that Schueren was not receiving all of his mail through the forwarding service with the United States Postal Service. In particular, the Secretary of State's office sent Schueren an invoice for Azalea House's annual fee, but that invoice was not forwarded, which eventually led to Azalea House's administrative dissolution. And, NRAI used the United States Postal Service to forward the default judgment to Azalea House, but Azalea House allegedly never received that package. Fourth and finally, assuming the package somehow made it to Schueren in Florida, it is unclear that he would have made arrangements to answer the complaint against Azalea House. Considering Schueren did not change Azalea House's address, did not pay its annual fee, did not communicate with any other Azalea House members, and allowed Azalea House to administratively dissolve, it is speculative to conclude that he would have made arrangements to answer the complaint. Based on this string of

11

contingencies, we conclude, as the district court did, that Azalea House has not created any genuine issue of material fact as to whether NRAI's negligence caused Azalea House to suffer a default judgment.

AFFIRMED.